In re Aurendina G. VEIGA, Associate Magistrate, Rhode Island Traffic Tribunal.

No. 2003–642–M.P.

Supreme Court of Rhode Island.

March 3, 2005.

David Curtin.

J. Renn Olenn, Warwick, Mark Desisto.

ORDER

The respondent, Aurendiná G. Veiga, Associate Magistrate of the Rhode Island Traffic Tribunal (respondent), was directed to appear before the Supreme Court on February 17, 2005, to show cause why she should not be found in contempt of an order of the Supreme Court issued on December 22, 2003, that imposed discipline resulting from violations of the judicial canons.

The respondent had admitted her guilt to three separate acts of judicial misconduct. After assuming judicial office, she knowingly misled a former client about his case, and then misled the Commission on Judicial Tenure and Discipline (commission) during its investigation of the incident. The respondent also admitted that she engaged in two *ex parte* communications concerning the arraignment of an alleged offender of the state's traffic laws and took official action "without advising, notifying or seeking the consent of the charging police department." She admitted her guilt to these offenses and agreed to accept the sanctions proposed by the commission.

By order, issued on December 22, 2003, the Supreme Court granted the commission's petition for waiver of a public hearing and affirmed the commission's recommended sanctions. Pursuant to the order, the respondent was suspended without pay from her judicial office for a period of thirty days. The Supreme Court also ordered the respondent "to complete twenty (20) CLE credit hours on the topics of judicial and legal ethics within one (1) year from the date of this Order."

On February 9, 2005, the Court was notified by the chairperson of the commission that respondent had failed to comply with the Court's order in that she did not fulfill the requirement of twenty hours of CLE credits "devoted to the topics of judicial and legal ethics." According to material submitted by respondent to the commission, she claimed 1.5 hours of credit for Law Day, 2004, and 29.5 hours CLE credit for participation in the mock trial tournament sponsored by the Rhode Island Legal/Educational Partnership.

On February 11, 2005, this Court issued an order directing the respondent to appear and show cause why she should not be found in contempt based on her failure to timely complete twenty CLE credit hours on the topics of judicial and legal ethics.

On February 16, 2005, respondent, through counsel, filed a document with this Court, entitled "Motion to Extend," in which she sought an extension to time to comply with the Court's order of December 22, 2003.[1]

On February 17, 2005, respondent appeared with counsel at an *in camera* hearing before the Supreme Court. A stenographic record was made of the proceeding. The respondent and her coun-

---

1. Included with the request for relief was a document verifying respondent's attendance at a CLE seminar sponsored by the Rhode Island Bar Association on September 26, 2003. This seminar, entitled "Word of Mouth," provided three hours of CLE credits, including one credit hour for ethics.

sel argued that she was not in willful contempt based on her belief that her participation in the mock trial tournament, during her lunch hours, satisfied the requirement that she complete twenty hours of CLE credit "on the topics of judicial and legal ethics within one (1) year from the date of this Order."

When probed as to the basis for this contention, respondent testified under oath that both she and her counsel had looked for courses that provided education in judicial and legal ethics. However, respondent admitted that "I couldn't find anything even before the order [issued] that said judicial ethics." She alleged that counsel for the commission notified her attorney that "any seminar with a component of ethics" would satisfy the ethics requirement.

The respondent testified that, when she returned to work after her suspension, she decided to participate in the mock trial tournament and assisted "in preparing the course work for the trials (sic) because there was a Georgia case that had to be adopted (sic) to some Rhode Island law and it involved traffic violations." According to respondent, "I remembered everything that I had read about the Code of Professional Conduct for judges and how ethics plays a part in my mind in every trial that you do,"[2] and that "I was learning from them [the students] as well."

According to respondent, she had no doubt that her participation in the mock trial tournament satisfied this Court's order because "it taught me how ethical behavior has to be demonstrated and lived in every action that appears before you when you are acting as a member of the judiciary." When asked, pointedly, whether anyone in the judiciary indicated that her

work with the Legal/Educational Partnership would satisfy the CLE ethics component, respondent stated, "I can't answer that yes or no, your honor, I'm sorry."

The respondent's testimony before the Court was not persuasive, confusing and often nonresponsive. At no point did she clearly acknowledge that she was noncompliant with the order. Although her attorney candidly acknowledged, on her behalf, that "all of the requirements of the [O]rder were not satisfied by the magistrate," respondent declared,

> "I believed that I had a responsibility to determine what I needed to do when I couldn't find *buzz words and things,* and try my best to do what I'm supposed to do.
>
> "* * *
>
> "I really believed that all the work that I did would count. I really did. I've thought wrong, perhaps, *from everything I've listened to in the past couple of days.* But as I was doing it, I really believed it, and that's all." (Emphases added.)

After carefully reviewing the record before the Court, we are of the opinion that respondent has failed to comply with this Court's order of December 22, 2003. Since the date of the order, she has not obtained a single CLE credit hour on the topics of judicial and legal ethics. Although respondent has alleged that she looked to the Bar Associations of Rhode Island and the Commonwealth of Massachusetts for CLE courses in ethics, we deem those efforts to have virtually no mitigating value. The respondent neglected to communicate with the commission or to seek an extension, as she was specifically authorized to do. She never ap-

---

**2.** The conduct of judges is governed by The Code of Judicial Conduct, Article VI, Rule 1 of the Supreme Court Rules.

proached the Supreme Court or the Court's Educational Office for assistance in developing a curriculum or in obtaining additional time within which to comply with the order. The respondent is in contempt of this Court.

We are mindful that the respondent's appearance before the Supreme Court and her admission of judicial misconduct involved dishonesty to a former client and the commission. We are also mindful that she admitted to engaging in *ex parte* conversations about a matter pending in the Traffic Tribunal. The respondent has utterly failed to comply with this Court's order and has not demonstrated any meaningful good faith efforts to fulfill her responsibilities. The respondent has shown no remorse or, indeed, understanding about her responsibilities to this Court and her judicial office. She testified that even before the order was entered, she could find no courses in judicial and legal ethics. Despite having actual knowledge that compliance with the order within one year may prove difficult, and notwithstanding the provision that permitted the respondent to request an extension of time within which to comply, the respondent agreed to the sanctions and unilaterally determined that volunteering in the mock trial tournament, during her lunch hour, was sufficient. This conduct was in reckless disregard of her obligation to comply with this Court's order of discipline. Her lack of insight into the reason for the imposition of discipline, her defiance of the Court's order, and her excuses for noncompliance are contumacious and call into question her fitness for judicial office.

Accordingly, this case is remanded to the Commission on Judicial Tenure and Discipline for a recommendation, not excluding suspension or removal from office. This Court's finding of contempt is not reviewable, nor may the respondent attempt to contest the finding before the commission. The commission is directed to review the record in light of the respondent's prior admission of misconduct and may consider additional, relevant evidence. The commission shall submit its written recommendations to this Court within thirty days from the date of this order.